IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO CUNNINGHAM | ) | CASE NO. 1:10-CV-453 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BOYKO |
| v. | ) | |
| | ) | MAGISTRATE JUDGE McHARGH |
| | ) | |
| | ) | |
| CLEVELAND POLICE | ) | |
| DEPARTMENT, et al, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Now pending before the Court is Defendants' Motion to Dismiss Plaintiff's Amended

Complaint (Doc. 14).  On February 8, 2010, Plaintiff filed case number CV-10-717873 against

Defendants in the Cuyahoga County Court of Common Pleas (Doc. 1, Ex. 1, "Complaint").

Defendants City of Cleveland and Chief of Police Michael McGrath filed a Notice of Removal to

this Court on March 3, 2010 (Doc. 1).  Following removal to federal court, Plaintiff filed an

amended complaint on April 4, 2010 (Doc. 11, "Amended Complaint").  Thereafter, on June 25,

2010, Defendants City of Cleveland and Chief of Police Michael McGrath ("Defendants") filed the

instant Motion to Dismiss Plaintiff's Two-Count Amended Complaint (Doc. 14).  For the reasons

stated below, the Magistrate Judge recommends that Defendants' Motion be GRANTED.

## I.  FACTUAL & PROCEDURAL BACKGROUND

This case arises out of the arrest and subsequent seizure of $16,757.00 from Plaintiff by

officers employed by the Cleveland Police Department ("CPD").  On December 23, 2009, an off-

duty CPD officer observed a vehicle driving recklessly on Interstate 90 (Doc. 15-1, ¶ 9).  After

pulling beside the vehicle, the officer saw the passenger counting a large sum of money (Doc. 15-1 ¶ 11).  The officer then noticed that the driver appeared to be pointing a gun at him (the officer), and immediately backed off the car and called the CPD to report the incident to authorities (Doc. 15-1, ¶¶ 11-12).  Approximately fifteen minutes later, members of the CPD located the car and identified Plaintiff as the driver of the car (Doc. 15-1, ¶ 13).  The officers also identified the passenger in the car as Jaron Catney (Doc. 15-1, ¶¶ 11, 14).

Upon questioning, Plaintiff informed the officers that there was marijuana located in the center console of the vehicle (Doc. 15-1, ¶ 15).  Thereafter, the officers recovered the marijuana and arrested Plaintiff for drug abuse and aggravated menacing (Doc. 15-1, ¶ 15).  During the officers' pat-down of Plaintiff's person, they discovered $717.00 in U.S. currency (Doc. 15-1, ¶ 17).  Subsequently, the CPD performed an inventory search of the vehicle and uncovered $16,040 in U.S. currency in the glove compartment (Doc. 15-1, ¶ 16).  The money was individually bundled in $1,000.00 stacks (Doc. 15-1, ¶ 16).  The $717.00 removed from Plaintiff's person and the $16,040 recovered from the vehicle total $16,757, and constitute the funds for which Plaintiff seeks replevin (Doc. 15-1, ¶ 18).

On December 30, 2009, the Immigration and Customs Enforcement agency ("ICE") of the Department of Homeland Security took exclusive possession of the $16,757 at issue (Doc. 14-2).  Thereafter, ICE converted the money into two bank checks at Key Bank (Doc. 14-2).  The checks were made payable to the Unites States Customs and Border Protection agency ("CBP") (Doc. 14-2).  Days later, on January 4, 2010, a special agent for ICE delivered the checks to the CBP's Cleveland, Ohio Port Office "for processing under the federal civil forfeiture provisions" pursuant to the Civil Asset Forfeiture Reform Act of 2000 (CAFRA) (Doc. 14-2).  On or about January 12,

2010, an officer for the CBP sent a letter to Plaintiff notifying him of the seizure of the funds at issue and his right to make a claim to the funds or to disclaim any interest in the funds (Doc. 14-3). Consequently, on February 8, 2010, Plaintiff filed the instant replevin action in the Cuyahoga County Court of Common Pleas, case number CV-10-717873 seeking return of the money (Doc. 1, Ex. 1).

Plaintiff's attorney also submitted a letter, dated April 3, 2010, to the CBP enclosing Plaintiff's claim of the funds (Doc. 14-3). On May 17, 2010, Plaintiff, through his attorney, submitted a completed CAFRA Election of Proceedings form to the CBP electing that the CBP refer the case to the U.S. Attorney for court action (Doc. 14-3). Accordingly, on June 30, 2010, federal authorities filed a separate action, case number 10-CV-1450, in the District Court for the Northern District of Ohio seeking forfeiture of the funds (Doc. 15-1).

## II.  LAW & ANALYSIS

Plaintiff's Amended Complaint states two causes of action. Plaintiff's first cause of action alleges violations of Plaintiff's rights under the fourteenth amendment and seeks replevin of the $16,757 taken from him during his arrest and the subsequent search of the vehicle. Plaintiff's second cause of action avers violations of Plaintiff's constitutional rights under the fourth and fourteenth amendments. It appears to allege: 1) an unconstitutional detainment of the $16,757.00, 2) an unlawful transfer of the money to the Drug Enforcement Agency (DEA), and 3) an unconstitutional failure train and educate officers of the CPD. Defendants City of Cleveland ("City") and Chief of Police McGrath ("Chief McGrath" or "McGrath") move this Court to issue an order of dismissal to both counts of Plaintiff's Amended Complaint as it relates to them.

<u>Fed. R. Civ P. 12(b)(6) Motion To Dismiss</u>

Under the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." <u>Fed. R. Civ. P. 8(a)(2)</u>.  A complaint that fails to satisfy this requirement is subject to dismissal under <u>Fed. R. Civ. P. 12(b)(6)</u>. Previously, the standard for a motion to dismiss for failure to state a claim upon which relief can be granted was that the motion establish, beyond a reasonable doubt, that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *<u>Conley v. Gibson</u>*, <u>355 U.S. 41, 45-46 (1957)</u>; *<u>Wright v. Metrohealth Med. Ctr.</u>*, <u>58 F.3d 1130, 1138 (6th Cir. 1995)</u>, *<u>cert. denied,</u>* <u>516 U.S. 1158 (1996)</u>.  However recently, in *<u>Bell Atlantic Corp. v. Twombly</u>*, <u>550 U.S. 554 (2007)</u>, a case involving complex antitrust litigation, the Supreme Court modified the standard, particularly the "no set of facts" phrasing.

The Court's ruling in *Twombly* abrogated *Conley*, and moved away from the pure notice pleading standards that had previously been a hallmark of the Civil Rules. *<u>See, e.g., Twombly</u>*, <u>550 U.S. at 572-88 (Stevens, J., dissenting)</u>; *<u>see also Frost v. Boyle</u>*, <u>No. 1:06-CV-2649, 2008 WL 650323 (N.D. Ohio Mar. 5, 2008) (Oliver, J.) (</u>*<u>Twombly</u>* <u>abrogated</u> *<u>Conley</u>* <u>standard)</u>.  Instead, the Court emphasized that the plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level. *<u>Twombly</u>*, <u>550 U.S. at 555</u>.  The Court further commented that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *<u>Id.</u>* <u>at 570</u>.

In *<u>Ashcroft v. Iqbal</u>*, <u>129 S. Ct. 1937 (2009)</u>, the Court clarified that the new *Twombly* standard was not intended to be limited only to complicated litigation.  The Court summarized the new "plausibility" standard by stating:

4

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal, supra*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).  Thus, when ruling on a motion to dismiss, a court must now analyze the plaintiff's complaint on a possibility-plausibility-probability continuum.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).

A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint.  *Miller v. Curie*, 50 F.3d 373, 377 (6th Cir. 1995).  "All of the allegations contained in the plaintiff's complaint are accepted as true, and the complaint is construed liberally in favor of the party opposing the motion."  *Id.* (citing *Mertik v. Blalock*, 983 F.2d 1353, 1356 (6th Cir. 1993)).  However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Iqbal*, 129 S. Ct. at 1950 (quoting *Twombly*, 550 U.S. at 555).

### A.  Defendants' Motion to Dismiss Plaintiff's Replevin Claim

Defendants assert that Plaintiff's first cause of action for replevin should be dismissed for two reasons.  First, Defendants maintain that dismissal is proper because neither the City of Cleveland, nor Chief McGrath have possession of the funds.  Second, Defendants argue that the funds are no longer subject to replevin under the applicable Ohio statute because the money has been deposited into a bank account and is no longer considered "specific personal property" under the

statute.

The State of Ohio recognizes a cause of action for replevin claims.  O.R.C. §§ 2737.01-2737.20.  "A replevin action provides the means to obtain possession of *specific personal property* that one has a right to possess."  *Walther v. Cent. Trust Co.*, 70 Ohio App.3d 26, 31, 590 N.E.2d 375, 378 (Ohio Ct. App. 1990) (emphasis added).  To prevail, the plaintiff must rely on his own right to immediate possession, and not on the weakness of the defendant's right of possession.  *Id.*  The plaintiff in a replevin action is required to "prove that he is entitled to possession of the property and that, at the time the [suit] was filed, the defendant had actual or constructive possession and control of [it]."  *Schneider v. Schneider*, 178 Ohio App.3d 264, 269, 897 N.E.2d 706, 710 (Ohio Ct. App. 2008) (citing *Mulhollen v. Angel*, No. 03AP-1218, 2005 WL 351761, at ¶ 23 (Ohio Ct. App. 2005).

In the case *sub judice*, Plaintiff's Amended Complaint does not state facts alleging that the property for which he seeks replevin is in the possession of Defendant City or Defendant McGrath. In fact, Plaintiff's Amended Complaint acknowledges that neither defendant is in possession, actual or constructive, of the funds.  Plaintiff's Amended Complaint avers that the police gave "the money seized from Antonio Cunningham over to the DEA" (Doc. 11, ¶ 22).  Because Plaintiff failed to allege that Defendant City or Defendant McGrath are in actual or constructive possession of the funds, he has failed to plead an essential element of an action in replevin-that the defendant is in possession of the property.  *See Schneider*, 178 Ohio App.3d at 269, 897 N.E.2d at 710.  The Court also notes that this is not a case in which the defendants transferred the property just prior to the plaintiff filing the replevin action in an attempt to evade responding to Plaintiff's petition, neither has Plaintiff maintained such.  *See Black v. City of Cleveland*, 58 Ohio App.2d 29, 387 N.E.2d 1388 (Ohio Ct. App. 1978).  Accordingly, because neither the City nor Chief McGrath is in possession

6

of the money seized from Cunningham, Plaintiff's replevin claim is lacking and is therefore dismissed against Defendants City and McGrath.

Finding Defendants' first argument meritorious, the Court, for the sake of completeness, will only briefly discuss whether the money at issue constitutes as "specific personal property" subject to replevin.  The Ohio laws governing replevin actions limit recovery to claims for specific personal property.  *Walther*, 70 Ohio App.3d at 31, 590 N.E.2d at 378.  The property 'must be described with sufficient clarity 'so that it can be identified by the officer serving the process.'"  *Id.*  An action for replevin of money will not lie unless the funds are specifically identifiable or segregated.  *Id.*  Here, in conjunction with the funds being transferred to federal agents, there is uncontested evidence that the money was deposited into a bank account and co-mingled with other funds.  Cunningham did not state any facts from which the Court can infer that his money is separately identifiable from the rest of the money maintained in the account.  Therefore, Plaintiff failed to properly state a claim for replevin of specific personal property.  Thus, Plaintiff's replevin claim is dismissed as to Defendants City and McGrath.

### B.  Defendants' Motion to Dismiss Plaintiff's Failure to Train Claim

#### 1.  City's Liability

Federal law prohibits any person acting under color of law from depriving another of any right, privilege, or immunity granted by the constitution.  42 U.S.C. § 1983 (2006).  In *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court ruled that municipalities are "persons" to whom 42 U.S.C. § 1983 applies.  However, § 1983 "does not permit a plaintiff to sue a local government entity on a theory of *respondeat superior*."  *Gregory v. City of Louisville*, 444 F.3d 725, 752 (6th Cir. 2006) (citing *Monell*, 436 U.S. at 692-94).  A municipality

can only be held liable under § 1983 for its own wrongdoing.  *Id.*  "It is only when the 'execution of the government's policy or custom inflicts the injury' that the municipality may be held liable under § 1983."  *City of Canton v. Harris, et al.*, 489 U.S. 378, 386 (1989) (citing *Springfield v. Kibbe*, 480 U.S. 257, 267 (1987) (O'Connor, J., dissenting) (quoting *Monell*, 436 U.S. at 694).  Therefore, there must be a direct causal link between the city's policy and the constitutional deprivation.  *Id.*

The Supreme Court has recognized that a municipality's failure to properly train its police officers may render the municipality liable under § 1983.  *Canton*, 489 U.S. 378.  However, it is "[o]nly where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a 'policy or custom' that is actionable under § 1983."  *Id.* at 389; *Gregory, supra*, 444 F.3d at 753.  For example, the unsatisfactory training of an individual officer will not create municipal liability under § 1983 for the officer's actions.  *Canton*, 489 U.S. at 390-91.  In this case, Plaintiff maintains that the City failed to train its officers regarding the proper circumstances under which it is lawful to make an arrest and subsequently seize funds.  Cunningham also argues that the City did not equip its officers with sufficient training to determine when seized funds could be transferred to federal agents or are subject to forfeiture.

Plaintiff's claim against Defendant City for failure to train its officers fails to meet the plausibility standard dictated in *Twombly*.  Plaintiff's claim has several fatal flaws, only two of which this Court will address.  To begin, Plaintiff emphasized that the officers involved in the seizure of Plaintiff's funds acted "on their own" and against the City's express written policy regarding forfeitures (Doc. 11, ¶¶ 13, 24).  Accepting these allegations as true, the Court finds that

8

Plaintiff's failure to train claim must be dismissed because under § 1983, a municipality cannot be held liable merely for the negligent acts of its employees, as the theory of *respondeat superior* has no place here.  *Monell*, 436 U.S. at 692-94.

Additionally, although Plaintiff's second cause of action recites the key elements of a § 1983 claim against the City of Cleveland, it does so only in a conclusory manner.  The gravamen of Plaintiff's argument is that the City failed to train its officers on proper seizure and forfeiture procedures.  But, Plaintiff failed to assert any factual allegations to support its conclusion that the city had a policy of failing to train officers on these issues, or encouraging officers to take actions contrary to its written policy, which Plaintiff acknowledged was lawful.  Instead, Plaintiff repeatedly made unsupported blanket assertions that the City's inadequate training, or lack thereof, was accountable for the alleged unlawful behavior by the officers in question.  For example, Cunningham states:

> To be sure, as we see it, it has to be the fault of the City, and those who supervise them [the officers], if these officers did not know the State of Ohio Legislature provided a statutory remedy for people to get their property back when officers seize it without probable cause – the situation here.

(Doc. 18, p. 12). Such statements are conclusory and are not sufficient to state a plausible claim. As stated by the Supreme Court in *Iqbal*, conclusory statements are not entitled to be assumed as true. 129 S. Ct. at 1941.  When accepting Plaintiff's remaining factual allegations as true, it is possible to infer that Defendant City acted unlawfully, but it is not plausible.  For instance, Plaintiff failed to assert facts from which the Court can do more than speculate that the City's training, or lack thereof, caused the alleged harm.  Furthermore, the Court can not find any facts from which to infer that the City acted with deliberate disregard to its citizen's rights.

In order to survive a motion to dismiss, Plaintiff's Amended Complaint had to allege facts showing that the City's failure to train amounted to deliberate indifference to the rights of persons with whom the police come into contact. *Miller v. Sanilac Cnty*, 606 F.3d 240, 255 (6th Cir. 2010). "To establish deliberate indifference, the plaintiff 'must show prior instances of unconstitutional conduct demonstrating that the C[ity] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury.'" *Id*. Deliberate indifference "is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Fisher v. Harden*, 398 F.3d 837, 849 (6th Cir. 2005) (citing *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997)). In this case, the Plaintiff's filings, consisting of a Complaint, Amended Complaint, Response to Defendant's Motion for a More Definite Statement and Response to Defendant's Motion to Dismiss, do not allege sufficient facts to survive Defendants' motion and proceed to the next stage of the judicial process. Plaintiff made no factual allegations to support that the City acted intentionally to harm persons such as Plaintiff or to show that the City had a long-standing history of unlawful conduct in this area. Although Plaintiff suggests that he will provide convincing proof of the City's unconstitutional policy at trial, that proffer does not negate Plaintiff's duty pursuant to Fed. R. Civ. P. 8 to plead facts plausibly showing that the City acted unlawfully at the pleading stage. There are no facts in the Amended Complaint that reasonably describe a specific policy or custom of the City of Cleveland that violated Cunningham's rights. Accordingly, Plaintiff's conclusory allegations do not suffice to satisfy the pleading standard announced in *Iqbal* and *Twombly*. *See Williams v. City of Cleveland*, No. 1:09CV1310, 2009 WL 2151778, at *4 (N.D. Ohio July 16, 2009) ("Plaintiff must allege facts,

which if true, demonstrate the City's policy, such as examples of past situations where law enforcement officials have been instructed to ignore evidence.").

### 2.  Chief McGrath's Liability

Defendant McGrath moves the Court to dismiss Plaintiff's claim against him because Plaintiff failed to allege that Defendant McGrath actively participated, to any extent, in the alleged unconstitutional seizure and transfer of Plaintiff's funds.  Cunningham failed to directly address this argument in his opposition motion, or to offer any facts which could be inferred to plausibly show that Defendant McGrath should be liable for the alleged wrong-doings.  As a consequence, the Court finds Defendant's motion well-taken.

A supervisor may be held liable under § 1983 when the supervisor has "actively engaged in unconstitutional behavior."  *Gregory*, 444 F.3d at 751.  However, "[s]upervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act."  *Id.*  In order for liability to attach, the plaintiff must show that the supervisor encouraged or condoned his inferior's actions.  *Id.*

In the instant action, Plaintiff failed to assert any facts demonstrating that Defendant McGrath participated in, or was cognizant of any of the events in question.  Rather, Plaintiff infers that Defendant McGrath is liable merely because he was one of the many individuals responsible for training the officers involved in Plaintiff's arrest and seizure of his funds.  As previously noted, the theory of *respondeat superior* does not apply to § 1983 actions.  Because Plaintiff does not assert any facts tending to show that Chief McGrath actively participated in or encouraged the alleged unconstitutional behavior of the officers involved, his Amended Complaint is inadequate to state a claim against Chief McGrath pursuant to § 1983.  *See Gregory*, 444 F.3d at 751-52; *see also Shehee*

11

*v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  As a consequence, Plaintiff's claim against Defendant Chief McGrath is dismissed.

### C.  Plaintiff's Civil Conspiracy Claim

Although Plaintiff's Second Cause of Action does not expressly state a claim for civil conspiracy, the language and phrasing used in Plaintiff's Amended Complaint and Response to Defendants' Motion to Dismiss implies that Plaintiff could potentially be alleging a civil conspiracy claim against the defendants.  For example, Plaintiff's Amended Complaint states "these Cleveland officers conspir[ed] with DEA agents" and "the facts here will likewise indelibly verify that there is also at work here [a] *conspiratorial relationship* between the City of Cleveland, its Chief of Police and others **with** the DEA" (Doc. 11, ¶¶ 14 & 16).  Additionally, Cunningham's Response to Defendants' Motion to Dismiss avers "Cunningham's Fourth Amendment rights were violated when he was arrested, *and* when these officers took his money away, *and* when they conspired with agents of the Government to do this" (Doc. 18, p. 2).  Accordingly, the Court will address the sufficiency of Cunningham's civil conspiracy claim, to the extent that such a claim is presented.

In order for a plaintiff to establish a cause of action for civil conspiracy, the plaintiff must show: "(1) a malicious combination; (2) two or more persons; (3) injury to person or property; and (4) existence of an unlawful act independent from the actual conspiracy." *Peltz v. Moretti*, 292 F. App'x 475, 480-81 (6th Cir. 2008) (quoting *Aetna Cas. & Sur. Co. v. Leahey Constr. Co.*, 219 F.3d 519, 534 (6 th Cir. 2000); *Universal Coach, Inc. v. N.Y. City Transit Auth., Inc.*, 90 Ohio App.3d 284, 629 N.E.2d 28 (Ohio Ct. App. 1993).  To avoid dismissal, any potential civil conspiracy claim asserted by Plaintiff must present facts establishing each element of this cause of action.

Upon review of Plaintiff's Amended Complaint, the Court finds that to the extent that Cunningham attempted to state a cause of action for civil conspiracy, any such claim is dismissed. "[A] district court may, at any time, *sua sponte* dismiss a complaint for failing to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion." *Allen v. I.R.S.*, 624 F. Supp.2d 689, 692 (N.D. Ohio 2008). For argument sake, the Court concedes that Plaintiff stated facts sufficient to show the second and third elements of a civil conspiracy claim.[1] However, Plaintiff has failed to come forward with any facts to support that the defendant officers, Defendant City, Defendant McGrath, and DEA agents conspired to deprive Cunningham of his property. The above-referenced statements in Plaintiff's filings alleging the existence of a conspiracy are entirely conclusory and unsubstantiated. Cunningham failed to present any facts from which the Court can reasonably infer that there was a conspiratorial relationship between the officers involved, Defendant City, Chief McGrath, and the DEA to satisfy the first element of a cause of action for civil conspiracy. Plaintiff also failed to satisfy the fourth element of a civil conspiracy claim by neglecting to indicate any unlawful act committed by the alleged conspirators independent of the conspiracy itself. Thus, any civil conspiracy claim stated by Cunningham was implausible and attenuated.

As a result, the Court finds that any potential civil conspiracy claim stated by Plaintiff is dismissed. Although Defendants did not move to dismiss any such claim, that failure does not prevent the Court from weighing the sufficiency of Plaintiff's claims on its own initiative. Plaintiff

---

[1]The Court acknowledges that there is a split in the Sixth Circuit regarding whether the intra-corporate conspiracy doctrine may be invoked as a defense as to the Defendant officers, City, and Chief McGrath. *See Briner v. City of Ontario*, 370 F. App'x 682, 707 (6th Cir. 2010).

13

had several chances to cure any defect in his Complaint.   In March of 2005, Defendants filed a Motion for a More Definite Statement (Doc. 4), to which Plaintiff filed a Response (Doc. 5). Defendants' Motion for a More Definite Statement specifically addressed Plaintiff's Second Cause of Action (Doc. 5).  After the Court granted Defendants' Motion for a More Definite Statement, it granted Plaintiff leave to file an Amended Complaint (Doc. 10).  Accordingly, Plaintiff was given notice and opportunity to correct any defect within his Complaint, and his failure to do so warrants dismissal of any civil conspiracy claim.  *See Gooden v. City of Memphis Police Dep't*, 29 F. App'x 350, 352 (6th Cir. 2002).

## III.  RECOMMENDATION

It is recommended that the Motion to Dismiss Plaintiff's Amended Complaint, (Doc. 14), filed by Defendants City of Cleveland and Chief McGrath be GRANTED.


Dated:  December 22, 2010              /s/ Kenneth S. McHargh
                                       Kenneth S. McHargh
                                       United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).