**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ANTONIO CUNNINGHAM,** | ) | **CASE NO.1:10CV453** |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **CLEVELAND POLICE** | ) | |
| **DEPARTMENT, ET AL,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J:**</u>

This matter is before the Court upon the Report and Recommendation of the Magistrate Judge, recommending Defendant's Motion to Dismiss Plaintiff's Two-Count Amended Complaint be granted. (ECF #22). For the following reason, the Court grants Defendant's Motion.

Plaintiff's Amended Complaint states two causes of action. Plaintiff's First Cause of Action alleges violations of Plaintiff's rights under the Fourteenth Amendment and seeks replevin of the $16,757 taken from him during his arrest and the subsequent

1

search of the vehicle. Plaintiff's Second Cause of Action avers violations of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments. It appears to allege: 1) an unconstitutional detainment of the $16,757.00, 2) an unlawful transfer of the money to the Drug Enforcement Agency (DEA), and 3) an unconstitutional failure to train and educate officers of the Cleveland Police Department. Defendants City of Cleveland ("City") and Chief of Police McGrath ("Chief McGrath" or "McGrath") move to dismiss both counts of Plaintiff's Amended Complaint as it relates to them.

The Magistrate Judge points out that under the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to satisfy this requirement is subject to dismissal under Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554 (2007), the Court emphasized that the plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. The Court further commented that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. When ruling on a motion to dismiss, a court must now analyze the plaintiff's complaint on a possibility-plausibility-probability continuum. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id. (citing Twombly*, 550 U.S. at 555).

In Defendant's Motion to Dismiss, Defendants' assert that neither the City of Cleveland, nor Chief McGrath have possession of the funds and that the funds are no longer subject to replevin under the applicable Ohio statute because the money has been deposited into a bank account and is no longer considered "specific personal

2

property" under the statute.  Plaintiff's Amended Complaint acknowledges that neither defendant is in possession, actual or constructive, of the funds.  The plaintiff in a replevin action is required to "prove that he is entitled to possession of the property and that, at the time the [suit] was filed, the defendant had actual or constructive possession and control of [it]." *Schneider v. Schneider*, 178 Ohio App.3d 264, 269, 897 N.E.2d 706, 710 (Ohio Ct. App. 2008) (citing *Mulhollen v. Angel*, No. 03AP-1218, 2005 WL 351761, at ¶ 23 (Ohio Ct. App. 2005).

The Court agrees with the Magistrate Judge's determination that Plaintiff has failed to plead an essential element of an action in replevin-that the defendant is in possession of the property.  Therefore, because neither the City nor Chief McGrath is in possession of the money seized from Cunningham, the Court finds that Plaintiff's replevin claim is lacking and is therefore dismissed against Defendants City and McGrath.

In Defendant's Motion to Dismiss they argue that in the Second Cause of Action Plaintiff's claim against Defendant City for failure to train its officers fails to meet the plausibility standard dictated in *Twombly*.  The Magistrate Judge correctly determined that Plaintiff failed to assert any factual allegations to support its conclusion that the city had a policy of failing to train officers on these issues, or encouraging officers to take actions contrary to its written policy, which Plaintiff acknowledged was lawful.  Instead, Plaintiff repeatedly made unsupported blanket assertions that the City's inadequate training, or lack thereof, was accountable for the alleged unlawful behavior by the officers in question.  The Court agrees that there are no facts in the Amended Complaint that reasonably describe a specific policy or custom of the City of Cleveland

3

that violated Cunningham's rights.

The Court agrees with the Magistrate Judge that Plaintiff failed to assert any facts demonstrating that Defendant McGrath participated in, or was cognizant of, the alleged unconstitutional seizure and transfer of Plaintiff's funds. The Magistrate Judge points out that Cunningham failed to directly address this argument in his opposition motion, or to offer any facts which could be inferred to plausibly show that Defendant McGrath should be liable for the alleged wrong-doings. Therefore, the Court finds Defendant's motion well-taken and dismisses the claim against Chief McGrath.

In his thorough and well-reasoned Report and Recommendation, the Magistrate Judge addresses Plaintiff's attempt to state a cause of action for civil conspiracy.  "[A] district court may, at any time, *sua sponte* dismiss a complaint for failing to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion." *Allen v. I.R.S.*, 624 F. Supp.2d 689, 692 (N.D. Ohio 2008). The Court agrees with the Magistrate Judge that any civil conspiracy claim stated by Cunningham was implausible and attenuated.

 In reviewing Plaintiff's Objections to Report and Recommendation, the Court found unsubstantiated legal conclusions, incomplete sentences, improper grammar and made-up and nonsensical words. It is the equivalent of an utter failure to object as it did not provide the Court with any specific factual or legal issues to review.  However, as the Magistrate Judge thoroughly addressed all the issues raised in Defendant's Motion to Dismiss Amended Complaint, the Court finds Defendant's Motion well-taken and therefore, Defendant's Motion to Dismiss Plaintiff's Amended Complaint is granted as to

Defendants City of Cleveland and Chief McGrath.

       IT IS SO ORDERED.

|  |  |
|---|---|
| Date: 1/24/2011 | s/Christopher A. Boyko<br>CHRISTOPHER A. BOYKO<br>United States District Judge |